## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## CLEVELAND DIVISION

KAREN CAULEY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.

Defendant.

Case No. 1:19-cv-02493

### CLASS ACTION COMPLAINT

Now Comes Plaintiff, KAREN CAULEY ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her undersigned attorney, and brings this Complaint against Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM"):

### I. Parties, Jurisdiction and Venue

1.     Plaintiff is a resident of Cleveland, Ohio and has filed this civil action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq.

2.     Subject matter jurisdiction exists pursuant to 28 U.S.C. §§1331 and 1337.

3.     MCM is incorporated in the State of Kansas and maintains its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California.

4.     This Court has federal question jurisdiction and venue pursuant to 15 U.S.C. § 6104(f) which provides that "[a]ny civil action brought under subsection (a) in a district court of the United States may be brought in the district in which the defendant is found, is an inhabitant, or transacts business or wherever venue is proper under section 1391 of title 28."

5.     Venue and personal jurisdiction are proper in this District pursuant to U.S.C. §§ 1391(b)-(c) and 1441(a) because MCM, as a corporation, is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the

1

action is commenced. Personal jurisdiction exists against MCM and venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because:

    a. MCM mailed the subject collection letter to an address within this District;

    b. MCM routinely collects defaulted personal credit card debts from persons who reside in this District;

    c. MCM is subject to personal jurisdiction within this District by virtue of the fact that it has conducted significant and continuous debt purchase and collection activities within this jurisdiction.

**II.    The Subject Debt**

6.    Prior to the conduct giving rise to the below described FDCPA claims, Plaintiff obtained credit (the "Subject Debt") from Chase Bank USA, N.A. (at times "Chase"). Plaintiff incurred the Subject Debt by purchasing items and services for personal and household use.

7.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because MCM regarded her as a "person obligated or allegedly obligated to pay" the Subject Debt.

8.    Due to unforeseeable circumstances beyond Plaintiff's control, Plaintiff was unable to make timely payments on the Subject Debt and Subject Debt fell into a default status after Plaintiff was unable to keep up with her payment obligations.

9.    Midland Funding LLC ("Midland") purchases defaulted debts from creditors. MCM collects consumer debts where Midland is the creditor.

10.    Midland purchased the defaulted Subject Debt from Chase and utilized MCM to attempt to collect the Subject Debt.

11.    In an attempt to collect the Subject Debt for MCM sent a letter to Plaintiff dated 4/10/2019 (the "Pre-Approved Offer Letter" or "Letter").

### III.    MCM's "Attention Requested Envelope"

12.    MCM mailed the Pre-Approved Offer Letter to Plaintiff inside of an envelope that was embossed with the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" (the "Attention Requested Envelope" or "Envelope").

13.    The below image is a true image of the Attention Requested Envelope



14.    Alternatively, MCM used a vendor to mail the Envelope to Plaintiff.

3

15.　The below close-up image is a true and accurate representative example of the Envelope Plaintiff received:



16.　As depicted by the above image and a close up depicted in relation to the following paragraph, the words "ATTENTION REQUESTED" were located within a circle formed by the words "IMPORTANT INFORMATION ENCLOSED".

17.　When Plaintiff received the Attention Requested Envelope, her attention was drawn to the fact that it said, "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED."

18.　Based upon the literally meaning of MCM's words, Plaintiff reasonably believed that the Envelope or some "IMPORTANT INFORMATION ENCLOSED" within the Envelope was an attempt by MCM to collect the Subject Debt or another potential debt because she was familiar with MCM's return address from other letters.

19.     Plaintiff understood these words to mean that MCM was alerting her to that "IMPORTANT INFORMATION [WAS] ENCLOSED", in the form of a letter or document was enclosed within the Envelope and that MCM was requesting Plaintiff's "ATTENTION".

20.     Reading the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" caused Plaintiff to suffer from stress and anxiety because she knew that the enclosed letter related to a debt show was unable to pay.

21.     The fact that the Envelope used the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" frightened Plaintiff and led her to believe that MCM was escalating its collection methods.

22.     Plaintiff also thought that there would be no reason for the Envelope to use the embossed words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" - unless there was something "IMPORTANT" about the contents of enclosed Letter.

23.     After reading the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED", Plaintiff immediately opened the Envelope in order to read the enclosed document and/or letter.

24.     MCM violated Section 1692f(8) the FDCPA by placing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" on the Envelope.  MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" on the Envelope violated Sections 1692e, 1692e(2)(2), 1692e(10) and 1692f because these words were a communication made in the collection of a debt and caused Plaintiff to worry about why the Envelope said "IMPORTANT INFORMATION ENCLOSED".

25.     MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" on the Envelope violated Sections 1692e, 1692e(2)(2), 1692e(10) and 1692f because these

5

words were a communication made in the collection of a debt and caused Plaintiff to worry about the nature of the "IMPORTANT INFORMATION ENCLOSED" within the Envelope.

26.     MCM's placement of the words "ATTENTION REQUESTED" on the Envelope violated Sections 1692e(2)(2), 1692e(10) and 1692f because these words were a communication made in the collection of a debt and caused Plaintiff to worry about the nature of the "IMPORTANT INFORMATION ENCLOSED" within the Envelope and why, in contrast to other letters, MCM was alerting her of the existence of "IMPORTANT INFORMATION ENCLOSED" in this manner.

27.     MCM's placement of the words "ATTENTION REQUESTED" on the Envelope violated Sections 1692e, 1692e(2)(2), 1692e(10) and 1692f because these words were a communication made in the collection of a debt and caused Plaintiff to worry about why the Envelope said "ATTENTION REQUESTED".

28.     MCM's placement of the words "ATTENTION REQUESTED" on the Envelope violated Sections 1692e, 1692e(2)(2), 1692e(10) and 1692f because these words were a communication made in the collection of a debt and caused Plaintiff to worry about the nature of the "IMPORTANT INFORMATION ENCLOSED" within the Envelope and why, in contrast to other letters, MCM was alerting her that her "ATTENTION" was being "REQUESTED" in this manner.

29.     Defendant also violated Sections 1692e, 1692e(2)(2), 1692e(10) and 1692f of the FDCPA by placing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" on the Envelope because MCM's use of these words on the Envelope constituted unlawful instructions to Plaintiff where these instructions were ultimately false, deceptive, misleading, deceptive, and unconscionable communications and means to attempt to collect the Subject Debt.

6

### IV. The Pre-Approved Offer Letter

30. The below redacted image is a true and accurate image of the front page of the Pre-Approved Offer Letter:



31.    MCM sent the Pre-Approved Offer Letter to Plaintiff in an attempt to collect the Subject Debt.

32.    When MCM sent the Attention Requested Envelope and the Pre-Approved Offer Letter, MCM regarded the Subject Debt as "arising out of a transactions in which" money and/or services were obtained by Plaintiff from a creditor where the money and/or services were "primarily for personal, family or household purposes[.]"

33.    The date listed on the Pre-Approved Offer Letter is 04-0-2019.On information and belief, MCM mailed the Pre-Approved Offer Letter up to two weeks after the Collection Letter's purported mailing date of 04/10/2019.

34.    MCM's practice of mailing form collection letters like the Pre-Approved Offer Letter up to two weeks after the stated mailing date by way of the Attention Requested Envelope was designed to cause consumers to believe that they only had a limited amount of time to review the Letter's "**<u>pre-approved</u>**" "discount program" offers and to pressure consumers into accepting one of the payment options.

35.    The upper right corner of the Pre-Approved Offer Letter identified the names of the original creditor, the original account number, MCM's account number, the "Current Balance" and Midland's names as the "Current Owner" of the Subject Debt,

36.    Below this information, the Pre-Approved Offer Letter stated, "You are pre-approved for a 70% discount!" and listed MCM's telephone number.

37.    The Pre-Approved Offer Letter goes on to state, "Choose The Option That Works For You" in large white font over a green background.

38.    The body of the Pre-Approved Offer Letter states:

> Congratulations! You have been **<u>Pre-Approved</u>** for a discount program designed to save you money.  Act now to maximize your savings and put his debt behind you by calling (800) 321-3809. Pay online today at www.MCMPay.com

39.     The Pre-Approved Offer Letter listed three payment options.

40.     The first "**<u>pre-approved</u>**", "discounted program" payment option was for "70% OFF, with a single payment of $3,183.49, alongside a "Payment Due Date" of "05-10-2019".

41.     The second "**<u>pre-approved</u>**", "discounted program" payment option was for "50% OFF, identifying "12 Monthly Payments of Only "$442.15" with a "First Payment Due Date" of "05-10-2019".

42.     The third "**<u>pre-approved</u>**", "discounted program" payment option identified "Monthly Payments As Low As: . . .  $50 per month" and instructed Plaintiff to "Call today to discuss your options and get more detail."

43.     To the right of the three "**<u>pre-approved</u>**", "discounted program" payment options, the Pre-Approved Offer Letter contained a box that was formatted in green and grey and contained the following words, "**Benefits of Paying**!"  This phrase was written over a green background with white font with lettering that was larger than any other portion of the Letter.

44.     Below the phrase "**Benefits of Paying**!" was a bullet pointed words:

➢  Save up to $7,418.14

➢  Offer Expiration date:
05-10-2019

45.     Just over one inch below the stated expiration date, the grey section of the Pre-Approved Offer Letter contains the phrase:

**CALL US TODAY!**

**(800) 321-3809**

46.     Below the signature line of the Letter, the following phrase was included:

9

> The law limits how long you can be sued on a debt and how long a debt can appear on your credit report.  Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau.

(the "Time-Barred Debt Disclosure").

47.     Over three inches below the Time-Barred Debt Disclosure, the Pre-Approved Offer Letter lists the following disclosure: "[w]e are not obligated to renew any offers provided."

48.     In Court proceedings before the Seventh Circuit, MCM has argued that MCM purposefully placed this language well before the offers conveyed because MCM wanted to include this language just above the payment stub that was at the bottom of the Pre-Approved Collection Letter.

49.     Plaintiff read the Pre-Approved Offer Letter several times to understand why it needed her immediate attention.

50.     Plaintiff understood that the Pre-Approved Offer Letter offered Plaintiff three (3) "Pre-Approved" discounted payment options.

51.     By using the words "Current Balance", the Pre-Approved Offer Letter plausibly suggested to Plaintiff at the time that she read the Pre-Approved Offer Letter that the "Current Balance" of the Subject Debt would increase.

52.     The Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violated the FDCPA because it creates a false sense of urgency for both unsophisticated and least sophisticated consumers.

53.     MCM purposefully drafted and formatted the Pre-Approved Offer Letter to suggest to both unsophisticated and least sophisticated consumers that the Pre-Approved Offer Letter contained an important, time limited offer that would expire by a date certain.

54.     MCM created this ultimately false impression through various formatting and word choices.  First, MCM enclosed the Pre-Approved Offer Letter in the Envelope which stated "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED". Second, MCM informed Plaintiff that she "ha[d] been **pre-approved** for a discount program".   Third, MCM informed Plaintiff that the so-called "discount program" was specifically "*designed* to save *you* money." (Emphasis supplied). Fourth, two of the so-called "**pre-approved** . . . discount program" payment options identified a "Payment Due Date" of 05-10-2019. Fifth, in addition to emphasizing the words "**Benefits of Paying**!" in large font, the right side of the Pre-Approved Offer Letter stated that Plaintiff could "Save up to $7,418.14".  Sixth, the Pre-Approved Offer Letter listed an "Offer Expiration date" of 05-10-2019.  Seventh, below stated expiration date, the Pre-Approved Offer Letter stated **CALL US TODAY!** in large and bold font.

55.     MCM's purposeful placement of the phrase "[w]e are not obligated to renew any offers provided" three inches below the time sensitive discounted payment options constitutes visual overshadowing of an important disclosure to consumers.

56.     MCM purposefully drafted and formatted the Pre-Approved Offer Letter in the above described manner to minimize, bury and otherwise obscure the purpose behind the Seventh Circuit's instruction that collection letters touting settlement letters tied to expiration dates should contain safe-harbor language similar to the phase "[w]e are not obligated to renew any offers provided."

57.     In doing so, MCM violated Section 1692e of the FDCPA which states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" and Section1692f which prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

58. MCM purposefully drafted and formatted the Pre-Approved Offer Letter in the above described manner to minimize the effectiveness of the Time-Barred Debt Disclosure Language, and in doing so, MCM violated Section 1692e of the FDCPA which states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" and Section1692f which prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

59. In reality, MCM would later issue the same discounted offer to Plaintiff – which serves to show that MCM manufactured a false sense of urgency to urge Plaintiff to accept the so-called "**pre-approved**" "discount program" payment options.

60. MCM routinely sends collection letters inside of an Attention Requested Envelopes in an attempt to cause both unsophisticated and least sophisticated consumers to open the Envelopes, read the enclosed letter and call MCM about the debt.

61. MCM has determined that it collects more money from consumers when it sends letters in Attention Requested Envelopes.

62. On information and belief, MCM's research demonstrates that all consumers are more likely to open collection letters sent in Attention Requested Envelopes than envelopes that do not contain the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

63. From the perspective of both unsophisticated and least sophisticated consumers, MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" on similar Envelopes a false sense of urgency.

64. From the perspective of both unsophisticated and least sophisticated consumers, MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and

"ATTENTION REQUESTED" on similar Envelopes created a false sense of urgency when either type of consumers reviews of the enclosed Pre-Approved Letter.

65. MCM is a debt collector as defined by Section 1692a(6) of the FDCPA and MCM's principal purpose is the purchase of and collection of consumer debts.

66. MCM routinely uses the United States Postal Service for the collection of consumer debts.

**IV.  Class Based Allegations and Contentions**

67. Plaintiff seeks to represent a class of similarly situated consumers residing within this Judicial District where MCM mailed them a letter by and through the Attention Requested Envelope.

68. Plaintiff also seeks to represent a class of similarly situated consumers residing within this Judicial District who were sent the Pre-Approved Letter, or a similar collection letter that touted discount payment options with time-sensitive deadlines.

69. Plaintiff also seeks to represent a class of similarly situated consumers residing within this Judicial District who were sent the Pre-Approved Letter, or a similar collection letter that touted discount payment options with time-sensitive deadlines. where the letters were sent inside of the Attention Requested Envelope.

70. The proposed classed can be defined by MCM's records. Plaintiff may redefine the proposed classes in relation to the total number of consumers identified by Defendant's discovery answers.

71. Plaintiff's claims contain issues of fact and law that are common to the class members that Plaintiff desires to represent.

72. Because MCM sent the Attention Requested Envelope to Plaintiff and others like her, her claims are typical of the class members that she seeks to represent – other consumers who received the same Envelope.

73.     MCM's use of the Attention Requested Envelope satisfies the elements of typicality, commonality, predominance and superiority.

74.     Because MCM sent her a form collection letter, the Pre-Approved Letter, within the Attention Requested Envelope, her claims are typical of the class members that she seeks to represent – other consumers who received the same Envelope.

75.     MCM's conduct in mailing similar form collection letters inside of Attention Requested Envelopes satisfies the elements of typicality, commonality, predominance and superiority.

76.     A class action is a superior method of adjudicating the legality of MCM's conduct as opposed to MCM facing dozens of individual suits.

77.     Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

**V.      Causes of Action**

**Count I – The Attention Requested Envelope Violated § 1692f(8) of the FDCPA**

78.     Plaintiff realleges the above paragraphs as though fully set forth herein.

79.     Section 1692f(8) prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

80.     Section 1692f(8) contains no exceptions – any extraneous text on the envelope or on the outside of a self-mailer violates 15 U.S.C. § 1692f(8).

81.     By using the embossed words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" on the Attention Requested Envelope, MCM violated Section 1692f(8) of FDCPA as a matter of law because Section 1692f(8) prohibits a debt

collector from using *any language*, other than the debt collector's address, on any envelope when communicating with a consumer.

82.     Plaintiff immediately opened the Attention Requested Envelope because it contained the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED"

83.     MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" created a false sense of urgency to a least sophisticated consumer like Plaintiff as to the words written on the enclosed letter.

84.     MCM mailed the Attention Requested Envelope to hundreds of least sophisticated consumers within this District who owed a debt to MCM or one of MCM's affiliates.

85.     The proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the envelopes containing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" where the underlying debts were originally owed to Chase Bank USA, N.A.

**WHEREFORE**, Plaintiff KAREN CAULEY respectfully requests that this Honorable Court:

a.  declare that the Attention Requested Envelope violates the FDCPA;

b.  enjoin Defendant MCM from using the Attention Requested Envelope in conjunction with any future collection letters;

c.  award Plaintiff statutory damages of up to $1,000;

d.  award class members actual damages if they paid their subject debts after receiving a collection letter in an Attention Requested Envelope;

e.  award class members maximum statutory damages; and

f.  award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count II – The Attention Requested Envelope Violates §§ 1692e and f of the Act**

86.    Plaintiff realleges the above paragraphs as though fully set forth herein.

87.    Section 1692f of the FDCPA generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

88.    By using the embossed words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" on the Attention Requested Envelope, MCM violated Section 1692f of the FDCPA because the use of these words on the face of the Envelope constituted a unfair or unconscionable means to collect or attempt to collect any debt where the enclosed collection letter merely reiterated a pre-approved settlement with identified deadlines that were illusory.

89.    As a result of MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED", Plaintiff immediately opened the Attention Requested Envelope.

90.    MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" created a false sense of urgency to a least sophisticated consumer like Plaintiff.

91.    MCM mailed the Attention Requested Envelope to hundreds of least sophisticated consumers within this District who owed a debt to MCM or one of MCM's affiliates.

92.    The Attention Requested Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violates Section 1692f of the FDCPA because printing on the Attention Requested Envelope in this manner unfairly and/or unconscionably suggested that the enclosed collection letter contained, "IMPORTANT" "INFORMATION" when it is not clear whether the contents of the enclosed

16

letter contains "IMPORTANT INFORMATION" that would "REQUEST" the recipient's "ATTENTION."

93. Section 1692e of the FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" and Section 1692f states "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

94. MCM placed the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" on the Envelope to create a false sense of urgency to encourage and/or scare Plaintiff and others like her to open the Envelope and accept so-called "pre-approved" settlement offers.

95. Plaintiff read and understood the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" to mean that there was a time sensitive document contained within the envelope.

96. Plaintiff immediately opened the Attention Requested Envelope because it contained the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

97. MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" can and did create a false sense of urgency for both unsophisticated and least sophisticated consumers.

98. MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" can and did create a false sense of urgency for both unsophisticated and least sophisticated consumers.

99. The Attention Requested Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" to create a false sense of

urgency constitutes a "false, deceptive, or misleading representation or means in connection with the collection of any debt" in violation of Section 1692e.

100.    The Attention Requested Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" to create a false sense of urgency constitutes the "use unfair or unconscionable means to collect or attempt to collect any debt" in violation of Section 1692f.

101.    Placing prohibited words on the face of the Attention Requested Envelope is a material violation of Section 1692f.

102.    The proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the envelopes containing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" where the underlying debts were originally owed to Chase Bank USA, N.A.

**WHEREFORE**, Plaintiff KAREN CAULEY respectfully requests that this Honorable Court:

a.  declare that the Attention Requested Envelope violates the FDCPA;

b.  enjoin Defendant MCM from using the Attention Requested Envelope in conjunction with any future collection letters;

c.  award Plaintiff statutory damages of up to $1,000;

d.  award class members actual damages if they paid their subject debts after receiving a collection letter in an Attention Requested Envelope;

e.  award class members maximum statutory damages; and

f.  award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count III – The Attention Requested Envelope Violates § 1692e(2)(A) of the Act**

103.    Plaintiff realleges the above paragraphs as though fully set forth herein.

104.    The Attention Requested Envelope was mailed to hundreds of consumers within this District who owed a debt to MCM or one of MCM's affiliates.

105.    Section 1692e(2)(A) prohibits "[t]he false representation of - the character, amount, or legal status of any debt."

106.    By formatting the Attention Requested Envelope to denote that an "IMPORTANT" letter was enclosed and that the letter requested the recipient's "ATTENTION", MCM created a false sense of urgency depicting the "character" and/or "legal status" of the Subject Debt and the underlying debts of putative class members.

107.    Plaintiff read and understood the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" to mean that there was a time sensitive document contained within the envelope.

108.    Plaintiff immediately opened the Attention Requested Envelope because it contained the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

109.    MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" can and did create a false sense of urgency for both unsophisticated and least sophisticated consumers.

110.    MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" can and did create a false sense of urgency for both unsophisticated and least sophisticated consumers.

111.    The Attention Requested Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violates Section 1692e(2)(A) because printing the Envelope in this manner falsely represented that the "character" or "legal status" of the contents of the Envelope was time-sensitive and/or demanded immediate "attention".

112.    Because MCM has a practice of routinely reissuing date sensitive "pre-approved" settlement offers to Consumers (as demonstrated by MCM's nearly identical letter dated 8-14-19), the Attention Requested Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violates Section 1692e(A)(2) by creating a *false sense of urgency* to other similarly situated consumers.

113.    The above wording, formatting and short offer expiration dates listed on the Pre-Approved Offer Letter were material in nature and they all impacted Plaintiff's perception of the Letter.

114.    The above wording and formatting created a false sense of urgency in Plaintiff's mind relative to the proposed discounted payment options.

115.    The proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters where the envelopes containing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" where the underlying debts were originally owed to Chase Bank USA, N.A.

**WHEREFORE**, Plaintiff KAREN CAULEY respectfully requests that this Honorable Court:

a.   declare that the Attention Requested Envelope violates the FDCPA;

b.   enjoin Defendant MCM from using the Attention Requested Envelope in conjunction with any future collection letters;

c.   award Plaintiff statutory damages of up to $1,000;

d.   award class members actual damages if they paid their subject debt after receiving a collection letter in an Attention Requested Envelope;

e.   award class members maximum statutory damages; and

f.   award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count IV – The Attention Requested Envelope Violates § 1692e(10) of the FDCPA**

116. Plaintiff realleges the above paragraphs as though fully set forth herein.

117. Section 1692e(10) specifically prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

118. By formatting the Attention Requested Envelope to denote that an "IMPORTANT" letter was enclosed and that the letter requested the recipient's "ATTENTION", MCM created a false sense of urgency in violation of Section 1692e(10) of the FDCPA.

119. Plaintiff read and understood the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" to mean that there was a time sensitive document contained within the envelope.

120. Plaintiff immediately opened the Attention Requested Envelope because it contained the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

121. MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" can and did create a false sense of urgency for both unsophisticated and least sophisticated consumers.

122. MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" can and did create a false sense of urgency for both unsophisticated and least sophisticated consumers.

123. MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violated Section 1692e(10) of the FDCPA because the quoted words constitute the use of false representations and deceptive means to attempt to collect the Subject Debt and the underlying debts of putative class members.

124.    Because MCM has a practice of routinely reissuing date sensitive "pre-approved" settlement offers to Consumers (as demonstrated by MCM's nearly identical letter dated 8-14-19), the Attention Requested Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violates Section 1692e(10) by creating a *false sense of urgency* to other similarly situated consumers.

125.    The above wording, formatting and short offer expiration dates listed on the Pre-Approved Offer Letter were material in nature and they all impacted Plaintiff's perception of the Letter.

126.    The above wording and formatting created a false sense of urgency in Plaintiff's mind relative to the proposed discounted payment options.

127.    The proposed class members who are defined as follows

> All persons with mailing addresses within this District who were mailed collection letters where the envelopes containing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" where the underlying debts were originally owed to Chase Bank USA, N.A.

**WHEREFORE**, Plaintiff KAREN CAULEY respectfully requests that this Honorable Court:

a.  declare that the Attention Requested Envelope violates the FDCPA;

b.  enjoin Defendant MCM from using the Attention Requested Envelope in conjunction with any future collection letters;

c.  award Plaintiff statutory damages of $1,000;

d.  award class members actual damages if they paid their subject debts after receiving a collection letter in an Attention Requested Envelope;

e.  award class members maximum statutory damages; and

f.  award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count V  The Pre-Approved Offer Letter Violates § 1692e of the FDCPA**

128.    Plaintiff realleges the above paragraphs as though fully set forth herein.

129.   Section 1692e of the FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt"

130.   As alleged above, MCM purposefully drafted and formatted the Pre-Approved Offer Letter to suggest to both unsophisticated and least sophisticated consumers that the Letter contained an important, time limited offer that would expire by a date certain.

131.   For the reasons set forth in the preceding allegations and as set forth below, MCM's wording and formatting the Pre-Approved Offer Letter constitutes a false, deceptive, or misleading representation or means in connection with the collection of any debt" in violation of Section 1692e of the FDCPA

132.   First, MCM enclosed the Pre-Approved Offer Letter in the Envelope which stated "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

133.   Second, MCM informed Plaintiff that she "ha[d] been **pre-approved** for a discount program".

134.   Third, MCM informed Plaintiff that the so-called "discount program" was specifically "*designed* to save *you* money." (Emphasis supplied).

135.   Fourth, two of the so-called "**pre-approved** . . . discount program" payment options identified a "Payment Due Date" of 05-10-2019.

136.   Fifth, in addition to emphasizing the words "Benefits of Paying!" in large font, the right side of the Pre-Approved Offer Letter stated that Plaintiff could "Save up to $7,418.14".

137.   Sixth, in addition to denoting an "Offer Expiration date" of 05-10-20109 below the identified savings, on the right side of the ended with the words, **CALL US TODAY!** in large and bold font.

138.    MCM's purposeful placement of the phrase "[w]e are not obligated to renew any offers provided" three inches below the time sensitive discounted payment options constitutes visual overshadowing of an important disclosure to consumers.

139.    MCM purposefully drafted and formatted the Pre-Approved Offer Letter in the above described manner to minimize, bury and otherwise obscure the purpose behind the Seventh Circuit's instruction that collection letters touting settlement letters tied to expiration dates should contain safe-harbor language similar to the phase "[w]e are not obligated to renew any offers provided." And in doing so, MCM violated Section 1692e of the FDCPA.

140.    MCM purposefully drafted and formatted the Pre-Approved Offer Letter in the above described manner to minimize the effectiveness of the Time-Barred Debt Disclosure Language, and in doing so, MCM violated Section 1692e of the FDCPA.

141.    Because MCM has a practice of routinely reissuing date sensitive "pre-approved" settlement offers to Consumers (as demonstrated by MCM's nearly identical letter dated 8-14-19), the Attention Requested Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violates Section 1692e by creating a *false sense of urgency* for both unsophisticated and least sophisticated consumers.

142.    The above wording, formatting and short offer expiration dates listed on the Pre-Approved Offer Letter were material in nature and they all impacted Plaintiff's perception of the Letter.

143.    The above wording and formatting created a false sense of urgency in Plaintiff's mind relative to the proposed discounted payment options.

144.    The proposed class members who are defined as follows

> All persons with mailing addresses within this District who were mailed collection letters where the envelopes containing the words

"IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" where the underlying debts were originally owed to Chase Bank USA, N.A.

**WHEREFORE**, Plaintiff KAREN CAULEY respectfully requests that this Honorable Court:

a. declare that the Attention Requested Envelope violates the FDCPA;

b. enjoin Defendant MCM from using the Attention Requested Envelope in conjunction with any future collection letters;

c. award Plaintiff statutory damages of up to $1,000;

d. award class members actual damages if they paid their subject debts after receiving a collection letter in an Attention Requested Envelope;

e. award class members maximum statutory damages; and

f. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

## Count VI The Pre-Approved Offer Letter Violates § 1692e(2)(A) of the FDCPA

145. Plaintiff realleges the above paragraphs as though fully set forth herein:

146. Section 1692e(2)(A) specifically prohibits: "The false representation of — the character, amount, or legal status of any debt."

147. As alleged above, MCM purposefully drafted and formatted the Pre-Approved Offer Letter to suggest to both unsophisticated and least sophisticated consumers that the Letter contained an important, time limited offer that would expire by a date certain.

148. For the reasons set forth in the preceding allegations and as set forth below, MCM's wording and formatting the Pre-Approved Offer Letter constitutes a false, deceptive, or misleading representation or means in connection with the collection of any debt" in violation of Section 1692e(2)(A) of the FDCPA

149. First, MCM enclosed the Pre-Approved Offer Letter in the Envelope which stated "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

150. Second, MCM informed Plaintiff that she "ha[d] been **pre-approved** for a discount program".

151. Third, MCM informed Plaintiff that the so-called "discount program" was specifically "*designed* to save *you* money." (Emphasis supplied).

152. Fourth, two of the so-called "**pre-approved** . . . discount program" payment options identified a "Payment Due Date" of 05-10-2019.

153. Fifth, in addition to emphasizing the words "Benefits of Paying!" in large font, the right side of the Pre-Approved Offer Letter stated that Plaintiff could "Save up to $7,418.14".

154. Sixth, in addition to denoting an "Offer Expiration date" of 05-10-20109 below the identified savings, on the right side of the ended with the words, **CALL US TODAY!** in large and bold font.

155. MCM's purposeful placement of the phrase "[w]e are not obligated to renew any offers provided" three inches below the time sensitive discounted payment options constitutes visual overshadowing of an important disclosure to consumers.

156. MCM's use of the phrase "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" in combination with the contents of the Pre-Approved Offer Letter, could and did create a false sense of urgency to Plaintiff and similarly situated consumers as to the "character" and/or "legal status" of the underlying debt.

157. Because MCM has a practice of routinely reissuing date sensitive "pre-approved" settlement offers to Consumers (as demonstrated by MCM's nearly identical letter dated 8-14-19), the Attention Requested Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violates Section

1692e(2(A)) by creating a *false sense of urgency* for both unsophisticated and least sophisticated consumers.

158.   Additionally, MCM purposefully drafted and formatted the Pre-Approved Offer Letter in the above described manner to minimize, bury and otherwise obscure the purpose behind the Seventh Circuit's instruction that collection letters touting settlement letters tied to expiration dates should contain safe-harbor language similar to the phase "[w]e are not obligated to renew any offers provided."  In formatting and wording the Letter in this manner, MCM violated Section 1692e(2)(A) of the FDCPA by making a false representation of the "character" and/or "legal status" of the Subject Debt.

159.   MCM purposefully drafted and formatted the Pre-Approved Offer Letter in the above described manner to minimize the effectiveness of the Time-Barred Debt Disclosure Language.  In formatting and wording the Letter in this manner, MCM violated Section 1692e(2)(A) of the FDCPA by making a false representation of the "character" and/or "legal status" of the Subject Debt.

160.   The above wording, formatting and short offer expiration dates listed on the Pre-Approved Offer Letter were material in nature and they all impacted Plaintiff's perception of the Letter.

161.   The above wording and formatting created a false sense of urgency in Plaintiff's mind relative to the proposed discounted payment options.

162.   The proposed class members who are defined as follows

> All persons with mailing addresses within this District who were mailed collection letters where the envelopes containing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" where the underlying debts were originally owed to Chase Bank USA, N.A., and the enclosed letters identified "pre-approved", "discount" payment options with identified "Offer Expiration date."

**WHEREFORE**, Plaintiff KAREN CAULEY respectfully requests that this Honorable Court:

a. declare that the Pre-Approved Offer Letter and the Attention Requested Envelope violate Section 1692e(2)(A) of the FDCPA;

b. enjoin Defendant MCM from using the Attention Requested Envelope and the Pre-Approved Offer Letter in future collection activities;

c. award Plaintiff statutory damages of $1,000;

d. award class members actual damages if they paid their subject debt after receiving a Pre-Approved Offer Letter in an Attention Requested Envelope;

e. award class members maximum statutory damages; and

f. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count VII      The Pre-Approved Offer Letter Violates §1692e(10) of the FDCPA**

163. Plaintiff realleges the above paragraphs as though fully set forth herein.

164. Section 1692e(10) of the FDCPA prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

165. As alleged above, MCM purposefully drafted and formatted the Pre-Approved Offer Letter to suggest to both unsophisticated and least sophisticated consumers that the Letter contained an important, time limited offer that would expire by a date certain.

166. For the reasons set forth in the preceding allegations and as set forth below, MCM's wording and formatting the Pre-Approved Offer Letter constitutes a false, deceptive, or misleading representation or means in connection with the collection of any debt" in violation of Section 1692e(10) of the FDCPA

167. First, MCM enclosed the Pre-Approved Offer Letter in the Envelope which stated "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

168.    Second, MCM informed Plaintiff that she "ha[d] been **pre-approved** for a discount program".

169.    Third, MCM informed Plaintiff that the so-called "discount program" was specifically "*designed* to save *you* money." (Emphasis supplied).

170.    Fourth, two of the so-called "**pre-approved** . . . discount program" payment options identified a "Payment Due Date" of 05-10-2019.

171.    Fifth, in addition to emphasizing the words "Benefits of Paying!" in large font, the right side of the Pre-Approved Offer Letter stated that Plaintiff could "Save up to $7,418.14".

172.    Sixth, in addition to denoting an "Offer Expiration date" of 05-10-20109 below the identified savings, on the right side of the ended with the words, **CALL US TODAY!** in large and bold font.

173.    MCM's purposeful placement of the phrase "[w]e are not obligated to renew any offers provided" three inches below the time sensitive discounted payment options constitutes visual overshadowing of an important disclosure to consumers.

174.    MCM's use of the phrase "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" in combination with the contents of the Pre-Approved Offer Letter, could and did create a false sense of urgency to Plaintiff and similarly situated consumers.

175.    By formatting the Attention Requested Envelope to denote that a time-sensitive document was enclosed, MCM created a false sense of urgency in violation of Section 1692e(10) because printing and formatting the Envelope in this manner constitutes a false representation or deceptive means to collect or attempt to collect any debt.

176.   By formatting the Attention Requested Envelope to denote that a time-sensitive document was enclosed and by using the words quoted in the above paragraph, MCM created a false sense of urgency in violation of Section 1692e(10) by falsely and/or deceptively suggesting that the Pre-Approved Offer Letter was time-sensitive when that is not clearly the case.

177.   Because MCM has a practice of routinely reissuing date sensitive "pre-approved" settlement offers to Consumers (as demonstrated by MCM's nearly identical letter dated 8-14-19), the Attention Requested Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violates Section 1692e(10) by creating a *false sense of urgency* for both unsophisticated and least sophisticated consumers.

178.   Additionally, MCM purposefully drafted and formatted the Pre-Approved Offer Letter in the above described manner to minimize, bury and otherwise obscure the purpose behind the Seventh Circuit's instruction that collection letters touting settlement letters tied to expiration dates should contain safe-harbor language similar to the phase "[w]e are not obligated to renew any offers provided."  In formatting and wording the Letter in this manner, MCM violated Section 1692e(10) of the FDCPA by engaging in the "use of [a] false representation or deceptive means to collect or attempt to collect any debt."

179.   MCM purposefully drafted and formatted the Pre-Approved Offer Letter in the above described manner to minimize the effectiveness of the Time-Barred Debt Disclosure Language.  In formatting and wording the Letter in this manner, MCM violated Section 1692e(10) of the FDCPA by engaging in the "use of [a] false representation or deceptive means to collect or attempt to collect any debt."

180.    The above wording, formatting and short offer expiration dates listed on the Pre-Approved Offer Letter were material in nature and they all impacted Plaintiff's perception of the Letter.

181.    The above wording and formatting created a false sense of urgency in Plaintiff's mind relative to the proposed discounted payment options.

182.    The proposed class members who are defined as follows

> All persons with mailing addresses within this District who were mailed collection letters where the envelopes containing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" where the underlying debts were originally owed to Chase Bank USA, N.A., and the enclosed letters identified "pre-approved", "discount" payment options with identified "Offer Expiration date."

**WHEREFORE**, Plaintiff KAREN CAULEY respectfully requests that this Honorable Court:

a.  declare that the Pre-Approved Offer Letter and the Attention Requested Envelope violate Section 1692e(10) of the FDCPA;

b.  enjoin Defendant MCM from using the Attention Requested Envelope and the Pre-Approved Offer Letter in future collection activities;

c.  award Plaintiff statutory damages of $1,000;

d.  award class members actual damages if they paid their subject debt after receiving a Pre-Approved Offer Letter in an Attention Requested Envelope;

e.  award class members maximum statutory damages; and

f.  award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

## Count VIII   The Pre-Approved Offer Letter Violate §1692f of the FDCPA

183.    Plaintiff realleges the above paragraphs as though fully set forth herein.

184.    Section 1692f states "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

185.    When used together, the Attention Requested Envelope and the Pre-Approved Offer Letter violate Section 1692f of the FDCPA.

186.    For the reasons set forth in the preceding allegations and as set forth below, MCM's wording and formatting the Pre-Approved Offer Letter constitutes a false, deceptive, or misleading representation or means in connection with the collection of any debt" in violation of Section 1692e(10) of the FDCPA

187.    First, MCM enclosed the Pre-Approved Offer Letter in the Envelope which stated "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

188.    Second, MCM informed Plaintiff that she "ha[d] been **pre-approved** for a discount program".

189.    Third, MCM informed Plaintiff that the so-called "discount program" was specifically "*designed* to save *you* money." (Emphasis supplied).

190.    Fourth, two of the so-called "**pre-approved** . . . discount program" payment options identified a "Payment Due Date" of 05-10-2019.

191.    Fifth, in addition to emphasizing the words "Benefits of Paying!" in large font, the right side of the Pre-Approved Offer Letter stated that Plaintiff could "Save up to $7,418.14".

192.    Sixth, in addition to denoting an "Offer Expiration date" of 05-10-20109 below the identified savings, on the right side of the ended with the words, **CALL US TODAY!** in large and bold font.

193.    MCM's purposeful placement of the phrase "[w]e are not obligated to renew any offers provided" three inches below the time sensitive discounted payment options constitutes visual overshadowing of an important disclosure to consumers.

194.    MCM's use of the phrase "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" in combination with the contents of the Pre-Approved Offer

Letter, could and did create a false sense of urgency to Plaintiff and similarly situated consumers.

195.   By formatting the Attention Requested Envelope to denote that a time-sensitive document was enclosed, MCM created a false sense of urgency in violation of Section 1692e(10) because printing and formatting the Envelope in this manner constitutes a false representation or deceptive means to collect or attempt to collect any debt.

196.   By formatting the Attention Requested Envelope to denote that a time-sensitive document was enclosed and by using the words quoted in the above paragraph, MCM created a false sense of urgency in violation of Section 1692e(10) by falsely and/or deceptively suggesting that the Pre-Approved Offer Letter was time-sensitive when that is not clearly the case.

197.   Because MCM has a practice of routinely reissuing date sensitive "pre-approved" settlement offers to Consumers (as demonstrated by MCM's nearly identical letter dated 8-14-19), the Attention Requested Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violates created a *false sense of urgency* for both unsophisticated and least sophisticated consumers.   In formatting and wording the Letter in this manner, MCM violated Section 1692f which prohibits the "use unfair or unconscionable means to collect or attempt to collect any debt."

198.   Additionally, MCM purposefully drafted and formatted the Pre-Approved Offer Letter in the above described manner to minimize, bury and otherwise obscure the purpose behind the Seventh Circuit's instruction that collection letters touting settlement letters tied to expiration dates should contain safe-harbor language similar to the phase "[w]e are not obligated to renew any offers provided."  In formatting and

33

wording the Letter in this manner, MCM violated Section 1692f which prohibits the "use unfair or unconscionable means to collect or attempt to collect any debt."

199.    MCM purposefully drafted and formatted the Pre-Approved Offer Letter in the above described manner to minimize the effectiveness of the Time-Barred Debt Disclosure Language.   In formatting and wording the Letter in this manner, MCM violated Section 1692f which prohibits the "use unfair or unconscionable means to collect or attempt to collect any debt."

200.    The above wording, formatting and short offer expiration dates listed on the Pre-Approved Offer Letter were material in nature and they all impacted Plaintiff's perception of the Letter.

201.    The above wording and formatting created a false sense of urgency in Plaintiff's mind relative to the proposed discounted payment options.

202.    The proposed class members who are defined as follows

All persons with mailing addresses within this District who were mailed collection letters where the envelopes containing the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" where the underlying debts were originally owed to Chase Bank USA, N.A., and the enclosed letters identified "pre-approved", "discount" payment options with identified "Offer Expiration date."

**WHEREFORE**, Plaintiff KAREN CAULEY respectfully requests that this Honorable Court:

a.  declare that the Pre-Approved Offer Letter and the Attention Requested Envelope violate Section 1692f of the FDCPA;

b.  enjoin Defendant MCM from using the Attention Requested Envelope and the Pre-Approved Offer Letter in future collection activities;

c.  award Plaintiff statutory damages of $1,000;

d.  award class members actual damages if they paid their subject debts after receiving a Pre-Approved Offer Letter in an Attention Requested Envelope;

     e.   award class members maximum statutory damages; and

     f.   award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count IX**    **Violations of the FDCPA Based Upon the Misreported Mailing Date of Collection Letter Enclosed Within the Attention Requested Envelope**

203.   Plaintiff realleges the above paragraphs as though fully set forth herein.

204.   As alleged above, the Envelope's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" is intended to create, and does create, a *false sense of urgency* for both unsophisticated and least sophisticated consumers, read in conjunction the phrase "Offer Expiration date."

205.   Section 1692e of the FDCPA states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

206.   Section1692f generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

207.   MCM's practice of mailing collection letters like the Pre-Approved Offer Letter weeks after the printed mailing dates results in a shortened response time and constitutes a "false, deceptive, or misleading representation or means in connection with the collection of any debt" as well as an "unfair or unconscionable means to collect or attempt to collect any debt."

208.   MCM's practice of mailing Pre-Approved Offer Letters weeks after the printed mailing dates results in a shortened response time and a manufactured sense of urgency, and therefore constitutes a "false, deceptive, or misleading representation or means in connection with the collection of any debt" in violation of Section 1692e of the FDCPA.

209.    MCM's practice of mailing Pre-Approved Offer Letters weeks after the printed mailing dates results in a shortened response time and a manufactured sense of urgency with regard to the "character" and/or "legal status" of the underlying debts, and in particular in relation to a debtor's so-called "options" relative to resolving the subject debts in violation of Section 1692e(2)(A) of the FDCPA.

210.    MCM's practice of mailing collection letters like the Pre-Approved Offer Letters weeks after the printed mailing dates results in a shortened response time and a manufactured sense of urgency and thus constitutes the use of a "false representation or deceptive means to collect or attempt to collect" a debt in violation of 1692e(10) of the FDCPA.

211.    Mailing out form collection letters more than a week after the purported mailing date under the above circumstances would have a material impact on a consumer reviewing the offer identified in the letter.

212.    A shortened response time, artificially created by MCM, put pressure on Plaintiff and others similarly situated and thus constitutes a "false, deceptive, or misleading representation or means in connection with the collection of any debt" as well as an "unfair or unconscionable means to collect or attempt to collect any debt."

213.    On information and belief, at least 40 persons with addresses within this District received an identical Envelope and similarly Pre-Approved Offer Letter within one year of the filing of this lawsuit where the Letter was not mailed out on the date listed on the letter and where the Letters were mailed out more than one week after the purported mailing date.

214.    The proposed class members who are defined as follows

> All persons with mailing addresses in this District who, within one year of the filing of this lawsuit, were mailed a letter similar to the Pre-Approved Offer Letter that was sent to Plaintiff where the original creditor was listed as Chase Bank USA, N.A., where the

envelopes used to send the letters said "ATTENTION REQUESTED," and Midland's records show that the letters were mailed one to two weeks after the date printed on the letters.

**WHEREFORE**, Plaintiff KAREN CAULEY respectfully requests that this Honorable Court:

a. declare that MCM's practice of mailing collection letters over a week after the letter's stated mailing date violates Sections 1692e, 1692e(2)(A), 1692e(10) and 1692f of the FDCPA;

b. enjoin MCM from violating the FDCPA in this manner in the future;

c. award Plaintiff statutory damages of $1,000;

d. award class members actual damages if they paid their subject debts after receiving a collection letter in an Attention Requested Envelope;

e. award class members maximum statutory damages; and

f. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

***Plaintiff demands a jury trial***

Dated: October 25, 2019

Respectfully submitted, on behalf of

Plaintiff KAREN CAULEY individually
and on behalf of all others similarly situated,

/s/ James C. Vlahakis
James C. Vlahakis
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 581-5456 telephone
jvlahakis@sulaimanlaw.com